# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES B. SHIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-802-M |
| | ) | |
| CITY OF EDMOND, an Oklahoma | ) | |
| Municipal Corporation, and MONTY | ) | |
| NETHERTON, and DIANA GRIDER, and | ) | |
| BJORN HUNSKAR, and THE | ) | |
| AMERICAN FEDERATION OF STATE, | ) | |
| COUNTY, AND MUNICIPAL | ) | |
| EMPLOYEES, LOCAL 2739, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant American Federation of State, County, and Municipal Employees, Local 2739's ("AFSCME") Motion to Dismiss, filed August 12, 2011. On August 29, 2011, *pro se* plaintiff James B. Shiel filed his response. Based upon the parties' submissions, the Court makes its determination.

Although plaintiff's complaint is unclear, it appears that he is bringing employment discrimination claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") against AFSCME. The Tenth Circuit has held that a plaintiff's exhaustion of his administrative remedies is a jurisdictional prerequisite to suit under Title VII, the ADEA, and the ADA. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002). To exhaust his administrative remedies, a plaintiff must first file a timely charge of discrimination with the Equal Employment Opportunity Commission prior to filing a civil action. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997), *abrogated on other grounds*.

In the case at bar, plaintiff did not list AFSCME as a respondent in his EEOC Charge. *See* Charge of Discrimination attached as Exhibit 1 to plaintiff's complaint. Because plaintiff did not list AFSCME as a respondent in his EEOC Charge, the Court finds that plaintiff has not exhausted his administrative remedies as to AFSCME. The Court, therefore, finds that it does not have subject matter jurisdiction over plaintiff's Title VII, ADEA, and ADA claims against AFSCME and that these claims should be dismissed.

Additionally, it appears that plaintiff may be asserting a duty of fair representation claim implied under the scheme of the National Labor Relations Act against AFSCME. "A six-month statute of limitations applies to duty of fair representation claims." *Hagerman v. United Transp. Union*, 281 F.3d 1189, 1197 (10th Cir. 2002). Plaintiff was terminated on March 2, 2010. Since he failed to file this lawsuit within six months of that date, the Court finds that the statute of limitations has expired as to plaintiff's duty of fair representation claim and that this claim should be dismissed.

Accordingly, for the reasons set forth above, the Court GRANTS AFSCME's Motion to Dismiss [docket no. 17] and DISMISSES all claims against AFSCME.

**IT IS SO ORDERED this 4th day of October, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE