### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES B. SHIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-802-M |
| ) | |
| CITY OF EDMOND, an Oklahoma ) | |
| Municipal Corporation, and MONTY ) | |
| NETHERTON, and DIANA GRIDER, and ) | |
| BJORN HUNSKAR, and THE ) | |
| AMERICAN FEDERATION OF STATE, ) | |
| COUNTY, AND MUNICIPAL ) | |
| EMPLOYEES, LOCAL 2739, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant City of Edmond, Oklahoma's Motion to Dismiss, filed August 10, 2011.[1] Edmond moves this Court to dismiss plaintiff's tort claims and punitive damages claim against Edmond.

Oklahoma's Governmental Tort Claims Act ("GTCA") is the exclusive remedy by which an injured party may recover against a governmental entity for a tort claim. *See* Okla. Stat. tit. 51, § 153(B). In order to recover under the GTCA, a person must comply with the GTCA's claim and notice provisions prior to filing a lawsuit. The GTCA provides, in pertinent part:

> A. Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages.

---

[1] Plaintiff has not filed a response to Edmond's Motion to Dismiss. To the extent plaintiff's response to defendants Monty Netherton, Djuana Grider, and Bjorn Hunskar's motion to dismiss addresses issues raised in Edmond's Motion to Dismiss, the Court will consider that response for purposes of ruling on Edmond's Motion to Dismiss.

>    B.  Except as provided in subsection H of this section, and not withstanding any other provision of law, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs.  A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.
>
>                    *          *          *
>
>    D.  A claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body.

Okla. Stat. tit. 51, § 156(A),(B),(D).  Compliance with the above notice of claim provisions "has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention."  *Gurley v. Mem'l Hosp. of Guymon*, 770 P.2d 573, 576 (Okla. 1989) (internal citations omitted).

Edmond contends that plaintiff never presented it with a Notice of Tort Claim within one year of June 19, 2010, the latest date that any alleged tort claim could have arisen according to plaintiff's complaint, and, thus, plaintiff has failed to comply with the above notice requirements.  Having carefully reviewed plaintiff's complaint and the court file in this case, the Court finds that plaintiff has failed to allege or show that he complied with the GTCA's notice requirements.  Accordingly, the Court finds that plaintiff's tort claims against Edmond should be dismissed.

Edmond also moves to dismiss plaintiff's punitive damages claim.  The Oklahoma Supreme Court has held that an award of punitive damages against governmental subdivisions is against public policy and is not allowed.  *Nixon v. Oklahoma City*, 555 P.2d 1283, 1284-85 (Okla. 1976).  Additionally, the United States Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983."  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247,

271 (1981). Accordingly, the Court finds that plaintiff can not maintain a cause of action for punitive damages against Edmond.

Therefore, for the reasons set forth above, the Court GRANTS Edmond's Motion to Dismiss [docket no. 12] and DISMISSES plaintiff's tort claims and punitive damages claim against Edmond.

**IT IS SO ORDERED this 4th day of October, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE