**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES B. SHIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-802-M |
| | ) | |
| CITY OF EDMOND, an Oklahoma Municipal Corporation, and MONTY NETHERTON, and DIANA GRIDER, and BJORN HUNSKAR, and THE AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, LOCAL 2739, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants Monty Netherton, Djuana Grider, and Bjorn Hunskar's ("Individual Defendants") Motion to Dismiss, filed August 10, 2011. On August 29, 2011, *pro se* plaintiff filed his response, and on September 2, 2011, the Individual Defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff has asserted both state law tort claims and employment discrimination claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA") against the Individual Defendants. The Individual Defendants now move to dismiss all claims against them. Specifically, they assert that plaintiff has failed to state a claim upon which relief can be granted as to them due to (1) their immunity from suit, (2) plaintiff's failure to comply with the notice provisions of Oklahoma's Governmental Tort Claims Act ("GTCA"), and (3) the fact that they can not be held individually liable for any claims made against them pursuant to Title VII, the ADEA, and the ADA.

The Oklahoma Supreme Court has held:

> The Governmental Tort Claims Act, GTCA, (51 O.S.2001 §§ 151 et seq.), makes a distinction between a government employee acting within the scope of employment and one who was not. An act of the employee is not in the scope of employment if the employee acted maliciously or in bad faith. A government employee acting within the scope of employment is relieved from private (individual) liability for tortious conduct, but when an employee acts outside the scope of employment the political subdivision is relieved from liability. The concept of scope of employment is thus tied to whether the employee or the government entity may be liable for a particular act.

*Pellegrino v. State ex rel. Cameron Univ.*, 63 P.3d 535, 537 (Okla. 2003) (internal citations omitted).

Thus, to the extent that plaintiff is asserting any tort claims against the Individual Defendants based upon acts done within the scope of the Individual Defendants' employment, the Court finds that the Individual Defendants are immune from liability for these acts. However, in his response, plaintiff asserts that the Individual Defendants were acting outside the scope of their employment. Having carefully reviewed the parties' submissions, and particularly plaintiff's complaint, the Court finds that plaintiff has alleged sufficient facts indicating that the Individual Defendants may have been acting outside the scope of their employment. Accordingly, the Court finds that the Individual Defendants are not immune from liability for any acts performed outside the scope of their employment and any tort claims based upon these acts should not be dismissed.

The Tenth Circuit has held that Title VII, the ADEA, and the ADA preclude personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition. *See Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999). Plaintiff makes no allegation, and the Court finds that plaintiff could make no allegation, that the Individual Defendants otherwise qualify as employers under Title VII, the ADEA, or the ADA. Accordingly,

the Court finds that plaintiff's Title VII, ADEA, and ADA claims against the Individual Defendants should be dismissed.

Therefore, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Individual Defendants' Motion to Dismiss [docket no. 13] as follows:

(A) The Court GRANTS the motion to dismiss as to any tort claims against the Individual Defendants based upon acts done within the scope of their employment and as to plaintiff's Title VII, ADEA, and ADA claims against the Individual Defendants and DISMISSES said claims, and

(B) The Court DENIES the motion to dismiss as to any tort claims against the Individual Defendants based upon acts performed outside the scope of their employment.

**IT IS SO ORDERED this 4th day of October, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE